RUBÉN TORRES REYES ET AL., Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, FAUSTO RAMOS QUIRÓS, JUDGE, Respondent; INTERNATIONAL BASIC ECONOMY CORPORATION, k/a IBEC, Intervener.

No. C-66-78.    Decided May 3, 1967.

*Peñagarícano & Lloveras* for petitioners. *Fiddler, González & Rodríguez* and *Federico Tilén* for intervener.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Dávila, and Mr. Justice Ramírez Bages.

PER CURIAM: Rubén Torres Reyes and Juan Vázquez filed a complaint which contains two causes of action against International Basic Economy Corporation, to recover damages due to defects of construction in their respective residential houses.

At defendant's request the Superior Court rendered its decision on June 8, 1966 dismissing the complaint. We agreed to review it.

Said decision textually reads as follows:

"In the absence of allegations on facts and dates on which the parties entered into contractual relations, or of juridical relationship from which the enforceability of obligation stemmed so as to warrant the remedy requested by plaintiffs, the dismissal of the complaint is sustained without prejudice.

"The court also believes that the causes of action brought should not be joined but should be filed separately and the consolidation of the action should be requested, if proper."

In fact, the allegations of the complaint might have been set forth with greater clarity and certainty. However, we cannot conclude on that ground that the complaint does not state a claim which justifies the granting of a remedy.

In the first cause of action it is alleged that Rubén Torres Reyes is the owner of a lot with a residence located in Villa del Rey Development, in Caguas, P.R., the building of which was constructed by the defendant, IBEC; that said building had concealed defects of construction at the time of acquiring the property. The defects and the damages allegedly suffered by plaintiff as a result of such defects are listed.

In the second cause of action similar allegations are made as to the residence of codefendant, Juan Vázquez Díaz, located in the same Villa del Rey Development in Caguas.

■ The complaint does not contain any allegation establishing the vendor-purchaser relations between plaintiffs and the defendant. However, interpreting the allegation liberally, it can be concluded that the plaintiffs are exercising the causes of action which § 1483 of the Civil Code (31

L.P.R.A. § 4124). grants to the owner against the contractor of a building which is ruined by reason of defects of construction. See *Géigel v. Mariani*, 85 P.R.R. 43 (1962).

■ On the other hand, even in cases of misjoinder of parties, it is not ground for the dismissal of an action. Rule 18 of the Rules of Civil Procedure.

The order entered by the Superior Court, San Juan Part, on June 8, 1966 will be reversed and the case remanded for further proceedings.